Filed 9/15/23  P. v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C097440 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF22-1315) |
| v. | |
| SHANNON LYNN JONES, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Shannon Lynn Jones, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

We provide the following description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On June 26, 2022, defendant, D.P., D.P.'s boyfriend, and D.P.'s friend were drinking alcohol together at D.P.'s house. At 9:00 p.m., D.P.'s boyfriend went to bed and her friend went home, leaving D.P. alone with defendant. They went into the backyard and, when D.P. told defendant she was going to bed and he had to leave, defendant grew angry, grabbed D.P.'s wrist, pulled her towards him, and then placed his hands on D.P.'s shoulders. D.P. told defendant to let her go and attempted to push him off of her. Defendant grabbed D.P. by the neck and squeezed, making it difficult for her to breathe. D.P. struck defendant's face and defendant punched her in the eye. D.P. stumbled backwards and turned around and defendant grabbed her by the back of the neck and shoved her up against a wall. With one hand, defendant pressed D.P.'s face into the wall, and with his other hand, he pulled her shorts down to her ankles. D.P. told defendant repeatedly to get off of her. Defendant penetrated D.P.'s vagina with his penis. D.P. tried to pull away, but defendant continued to push her face into the wall. Defendant continued to have intercourse with D.P. as he choked her. He only stopped when D.P.'s son came outside, defendant saw him, defendant let go of D.P., and D.P. ran inside and locked herself in a bathroom.

The prosecution filed a felony complaint charging defendant with forcible rape (Pen. Code, § 261, subd. (a)(2); count I), assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count II), and false imprisonment by violence (Pen. Code, § 236; count III).

Defendant pleaded no contest to counts I, forcible rape, and II, assault by means of force likely to produce great bodily injury. The parties stipulated that the pre-trial release report provided the factual basis for the plea. The trial court sentenced defendant to the stipulated term of four years consisting of the low term of three years on count I and one year, one-third the middle term, on count II, with the sentences to run consecutively; determined defendant was entitled to 92 total days credit for time served consisting of 80

actual days and 12 local conduct days; and imposed fines, fees, and assessments. The court dismissed count III.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____
HULL, J.

We concur:

_____
EARL, P. J.

_____
ROBIE, J.

3